THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTH AND WELFARE TRUST *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SHAMP ELECTRICAL CONTRACTING INC., <br><br> Defendant. | CASE NO. C09-1524-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiffs' application for extension of judgment (Dkt. No. 15). Having thoroughly considered the motion and the relevant record, the Court DENIES the motion without prejudice.

Nearly eleven years ago, Plaintiffs filed a complaint alleging that Defendant failed to fund certain benefit accounts as required by Defendant's collective bargaining agreement with International Brotherhood of Electrical Workers Local Union 46. (*See* Dkt. No. 1.) Defendant never appeared to defend this matter, and the Court granted Plaintiffs' motion for default judgment on September 20, 2010. (*See* Dkt. No. 13.) Plaintiffs now move for an order extending the time to execute the judgment by ten years under Washington Revised Code section 6.17.020(3).

Federal Rule of Civil Procedure 69(a) provides that the procedure for executing a

ORDER
C09-1524-JCC
PAGE - 1

judgment entered by a federal court "must accord with the procedure of the state where the court is located, [unless] a federal statute governs." The time limit within which a party must execute a judgment is "procedural in nature and [is] governed by state law." *Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568 (5th Cir. 2006). Under Washington law, the default time limit for executing a judgment is ten years. *See* Wash. Rev. Code § 6.17.020(1). But if a party in whose favor a judgment has been entered is unable to execute the full judgment during that time, the party may "within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment . . . for an order granting an additional ten years during which an execution, garnishment, or other legal process may be issued." Wash. Rev. Code § 6.17.020(3). The statute instructs courts to grant these applications "as a matter of right, subject to review only for timeliness, factual issues of full or partial satisfaction, or errors in calculating the judgment summary amounts." *Id.*

Plaintiffs' application is untimely because it was not filed "within ninety days before the expiration of the original ten-year period." Wash. Rev. Code § 6.17.020(3). The ten-year period begins to run "from the entry of the judgment." Wash. Rev. Code § 6.17.020(1). Here, the Court entered the order granting Plaintiffs' motion for default judgment on September 20, 2010, but it did not enter the judgment in a separate document. When a federal court makes a decision that disposes of a matter but does not enter the judgment in a separate document, judgment is "constructively entered on the 150th day" after the order disposing of the matter is filed on the docket. *Orr v. Plumb*, 884 F.3d 923, 928 (9th Cir. 2018); *see also* Fed. R. Civ. P. 58(c)(2)(B). Therefore, the judgment in this matter was not entered until February 17, 2011, 150 days after the Court's order granting Plaintiffs' motion for default judgment. Accordingly, Plaintiffs may not apply to extend the time to execute the judgment until November 19, 2020.

For the foregoing reasons, the Court DENIES Plaintiffs' application for extension of judgment (Dkt. No. 15) without prejudice.

//

1    DATED this 21st day of September 2020.

                                                 *[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE