THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTH AND WELFARE TRUST, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SHAMP ELECTRICAL CONTRACTING INC., <br><br> Defendant. | CASE NO. C09-1524-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiffs' renewed application for extension of judgment (Dkt. No. 18). Having thoroughly considered the motion and the relevant record, the Court GRANTS the motion.

Over eleven years ago, Plaintiffs filed a complaint alleging that Defendant failed to fund certain benefit accounts as required by Defendant's collective bargaining agreement with International Brotherhood of Electrical Workers Local Union 46. (*See* Dkt. No. 1.) Defendant never appeared to defend this matter, and the Court granted Plaintiffs' motion for default judgment on September 20, 2010. (*See* Dkt. No. 13.) Plaintiffs now move for an order extending the time to execute the judgment by ten years under Washington Revised Code section 6.17.020(3).

Federal Rule of Civil Procedure 69(a) provides that the procedure for executing a

judgment entered by a federal court "must accord with the procedure of the state where the court is located, [unless] a federal statute governs." The time limit within which a party must execute a judgment is "procedural in nature and [is] governed by state law." *Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568 (5th Cir. 2006). Under Washington law, the default time limit for executing a judgment is ten years. *See* Wash. Rev. Code § 6.17.020(1). But if a party in whose favor a judgment has been entered is unable to execute the full judgment during that time, the party may "within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment . . . for an order granting an additional ten years during which an execution, garnishment, or other legal process may be issued." Wash. Rev. Code § 6.17.020(3). The statute instructs courts to grant these applications "as a matter of right, subject to review only for timeliness, factual issues of full or partial satisfaction, or errors in calculating the judgment summary amounts." *Id.*

Plaintiffs' application is timely. The ten-year period begins to run "from the entry of the judgment." Wash. Rev. Code § 6.17.020(1). Here, the Court entered the order granting Plaintiffs' motion for default judgment on September 20, 2010 but did not enter the judgment in a separate document. When a federal court makes a decision that disposes of a matter but does not enter the judgment in a separate document, judgment is "constructively entered on the 150th day" after the order disposing of the matter is filed on the docket. *Orr v. Plumb*, 884 F.3d 923, 928 (9th Cir. 2018); *see also* Fed. R. Civ. P. 58(c)(2)(B). Therefore, the judgment in this matter was not entered until February 17, 2011, 150 days after the Court's order granting Plaintiffs' motion for default judgment. Plaintiffs moved to extend the judgment on February 5, 2021, which is "within ninety days before the before the expiration of the original ten-year period." Wash. Rev. Code § 6.17.020(3). The Court has not detected any errors in calculating the judgment summary amount or any issues of full or partial satisfaction. Accordingly, the Court GRANTS Plaintiffs' application for extension of judgment (Dkt. No. 18).

Before the Court may enter a renewed judgment, "[t]he petitioner [must] pay to the court

a filing fee equal to the filing fee for filing the first or initial paper in a civil action in the court." RCW 6.17.020(3). This filing fee "shall be included in the judgment summary and shall be a recoverable cost." RCW 6.17.020(3). The civil filing fee in this Court is $402. *See United States District Court Schedule of Fees*, U.S. District Court for the Western District of Washington (March 16, 2021), https://www.wawd.uscourts.gov/sites/wawd/files/FeeSchedule.pdf (last modified December 1, 2020). Plaintiffs shall pay the filing fee within five days of the date of this order. Once the filing fee is paid, the Court will issue a renewed judgment as summarized below:

## UPDATED JUDGMENT SUMMARY

1. Judgment Creditors: Puget Sound Electrical Workers Healthcare Trust, Puget Sound Electrical Workers Pension Trust, Puget Sound Electrical Joint Apprenticeship and Training Trust, National Electrical Benefit Fund, and Labor Management Cooperation Trust

2. Judgment Debtor: Shamp Electrical Contracting, Inc.

3. Judgment Amount: $464,151.53
   *Consisting of the following amounts:*
   a. Fringe Benefit Contributions    $   133,738.59
   b. Liquidated Damages              $    13,437.80
   c. Pre-Judgment Interest           $    68,820.31
   d. Audit Costs                     $     5,217.25
   e. Costs (incl. $402 filing fee)   $       940.15
   f. Attorney Fees                   $     5,297.30
   g. Garnishment Costs               $       607.00
   h. Payment toward Principal        $    (6,965.41)
   i. Post-Judgment Interest          $   242,458.54
   j. Additional Attorney Fees        $       600.00

4. Attorney for Judgment Creditors: Jeffrey G. Maxwell, WSBA #33503
   Barlow Coughran Morales & Josephson, P.S.
   1325 Fourth Avenue, Suite 910
   Seattle, WA  98101
   (206) 224-9900

5. Attorney for Judgment Debtors: None

DATED this 17th day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE